Davis, J.,
delivered the opinion of the court:
The appropriation acts of 1881 and 1882 (21 Stat. at L., 479, and 22 Stat. L., 191, 205) contained provisions for the improvement of' the Missouri River; in Accordance therewith the officers of the Engineer Corps constructed a breakwater in the-river at Lexington for the purpose of cutting out a sand-bar by action of the current. Finding it necessary to procure rock for the breakwater, they quarried it from over a coal mine, the property of the Lexington Ferry Company; this mine was disused, but adjoining it was a mine leased to plaintiff herein which was in operation. Both the ferry company and plaintiff had mined to the dividing line, so that their mines connected. Plaintiff’s was the lower mine, and as a result of the quarrying the disused mine became filled with water, which flowed down upon plaintiff’s mine through the opening, to his loss. It is now sought to recover the amount of the injury thus sustained by plaintiff upon the theory of an implied contract *203 springing from tbe provisions of the Constitution which declares that private property shall not be taken for public use-without just compensation.
We are unable to see that there was in this case any taking of private property within the meaning of that provision as interpreted at any time by the Supreme Court or by this court-In all the cases upon which plaintiff relies the Government used the property in such manner as to secure an advantage to itself; the property was taken-in a manner which, when coupled with the actual subsequent use by the defendants would, as between individuals, establish contract relations between the parties.
In the Great Falls case, upon which plaintiff particularly relies, there was an actual appropriation of the property for the purpose of constructing an aqueduct; it was taken avowedly as -private property, to which the Government asserted no title, and was used for the public benefit. The making of the improvement necessarily involved the taking of this property and when taken it was applied to a public use.
In the case at bar appear none of these elements. There, was-no action by the Government officers looking to a taking of this property; there was no communication of any kind between plaintiff and defendants except a statement made by a subordinate that the Government would make good any injury sustained by plaintiff; it certainly never was intended to appropriate the mine even for temporary purposes, and the flooding of itself was of no benefit to the Government.
The most that can be contended is that the flooding was a, necessary proximate incident to the quarrying of the stone upon the adjacent land. But this proposition can not be maintained ; the use of the q uarry property was a natural and customary one; the defendants received no benefit for the temporary flooding of plaintiff’s property, and this flooding was not a probable result of quarrying over an adjacent mine. In Pumpelly v. Green Bay Company (13 Wall., 166), much relied upon by plaintiff, the injury was necessary and proximate, resulting in benefit to the defendant, in fact to an appropriation of the property, in this, as in all similar cases, such as those arising from flooding occasioned by the back-water of mill-dams, the injury was necessary, was direct, and was advantageous to the owner of the works causing the damage.
*204 The defendants secured no benefit from the flooding of plaintiff’s mine; there was no user or appropriation of the property. We fail to see any element of contract in this case.
Petition dismissed.
Nott, J., was absent at the hearing of this case and took no part in the decision.